EDNY/HANY
98-CV-4475
HURLEY
ORENSTEIN

**MANDATE**

FILED
2009 FEB 24 PM 2:12



07-2518-cv
Chapman v. Choicecare LI Long

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of January, two thousand nine.

Present:
    HON. RALPH K. WINTER,
    HON. ROBERT A. KATZMANN,
    HON. REENA RAGGI,
        *Circuit Judges.*

---

CHERYL CHAPMAN,

    *Plaintiff-Appellant,*

    v.                                     No. 07-2518-cv

CHOICECARE LONG ISLAND LONG TERM DISABILITY PLAN,

    *Defendant-Appellee.*

---

ISSUED AS MANDATE: JAN 30 2009

| | |
|---|---|
| For Plaintiff-Appellant: | STEPHANE MONTAS (Harry J. Binder, *of counsel*), Binder & Binder, P.C., Hauppauge, New York. |
| For Defendant-Appellee: | EVAN L. GORDON, New York, New York. |

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Memorandum and Order of the district court dated May 16, 2007, is **AFFIRMED** and Chapman's motions for attorney's fees and costs incurred in her two previous appeals are **DENIED**.

This case is before us on appeal for a third time. Plaintiff Cheryl Chapman appeals from a Memorandum and Order dated May 16, 2007,[1] denying her motion for attorney's fees and granting in part and denying in part her motion for costs. In addition, pending before us are Chapman's two new motions for attorney's fees and costs incurred in bringing her two previous appeals, *Chapman v. ChoiceCare Long Island Term Disability Plan* ("*Chapman I*"), 288 F.3d 506 (2d Cir. 2002), and *Chapman v. ChoiceCare Long Island Long Term Disability Income Plan*

---

[1] At the outset, we reject Choicecare's argument that we have no jurisdiction to hear this appeal. Fed. R. App. P. 4(a)(2) "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991) (emphasis omitted). An order that requires "no adjudication on the merits by the district court in order to become final" is one that "'would be appealable if immediately followed by the entry of judgment.'" *Slayton v. Am. Express Co.*, 460 F.3d 215, 225 n.8 (2d Cir. 2006) (quoting *FirsTier*, 498 U.S. at 276). Here, the district court's May 16, 2007 Memorandum and Order required no adjudication on the merits in order to become final. Instead, on its face it completely disposed of Chapman's motion for attorney's fees and costs, and the record before us provides no evidence that it left any issue outstanding. Therefore, it would have been appealable if immediately followed by entry of judgment, and we have jurisdiction to hear this appeal.

("*Chapman II*"), No. 05-0687, 2005 WL 3556194 (2d Cir. Dec. 29, 2005). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). A district court's decision regarding whether to grant attorney's fees is reviewed for abuse of discretion. *Salovaara v. Eckert*, 222 F.3d 19, 27 (2d Cir. 2000). This decision is ordinarily based on five factors ("the *Chambless* factors"): "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987).

"[A]ttorney's fees may be awarded to the prevailing party under ERISA in the absence of some particular justification for not doing so[,]" *Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 523 (2d Cir. 1983), and the failure to prevail on one factor is not dispositive, *see, e.g., Ford v. N.Y. Cent. Teamsters Pension Fund*, 642 F.2d 664, 665 (2d Cir. 1981). Finally, "'ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating retirement rights.'" *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 298 (2d Cir. 2004) (quoting *Chambless*, 815 F.2d at 872).

Here, we find no abuse of discretion in the district court's application of the five *Chambless* factors or in its refusal to grant fees. *See, e.g., Leyda v. AlliedSignal, Inc.*, 322 F.3d

-3-

199, 211 (2d Cir. 2003) ("[W]e conclude that where the court has permissibly found that the defendant . . . did not act in bad faith, that the case was close on the merits, that the common benefit was minimal, and that there was no reason to infer that an award of fees would have any greater deterrent effect than that resulting from the imposition of liability, the district court's decision not to award attorney's fees to the prevailing plaintiff is not an abuse of discretion.").

With regard to the fourth factor -- the relative merits of the parties' positions -- the district court did not abuse its discretion by elaborating that this factor only narrowly favored Chapman because Choicecare's position also had merit. Despite Chapman's protestations to the contrary, this did not "effectively nullify[] the fourth *Chambless* factor."

As to the fifth factor -- whether the action conferred a common benefit on a group of pension plan participants -- we similarly find no abuse of discretion in the district court's analysis. Chapman claims that, on remand following *Chapman II*, the district court "concluded that only the District Court's Order . . . was subject to the fifth factor of the *Chambless* analysis," thereby violating the "spirit of the mandate upon remand" and the "established and fundamental doctrines upon which the common law is built." The district court did no such thing.

In *Chapman I*, we specifically declined to rule on the "important question" of whether equitable tolling applied to time limits specified in ERISA plan provisions. We reserved on that question because we recognized it would have become moot on remand if the district court were to have found that the time limit at issue in that appeal was unenforceable. 288 F.3d at 511-12; *see also Garcia Ramos v. 1199 Health Care Employees Pension Fund*, 413 F.3d 234, 238 (2d Cir. 2005) ("[T]his Circuit 'ha[s] never squarely held that [equitable tolling] applies to time limits that are specified in [ERISA] plan provisions.' We shall not do so here." (internal citation

-4-

omitted) (quoting *Chapman I*, 288 F.3d at 512)). Therefore, it was not an abuse of discretion for the district court to conclude that our decision in *Chapman I* did not confer any common benefit on a group of pension plan participants. Similarly, it was not an abuse of discretion for the district court to then consider whether its own decision that Chapman was entitled to equitable tolling on her initial application for benefits resulted in a common benefit being conferred on a group of plan participants. Finally, it was not an abuse of discretion for the court to conclude that this fifth factor favored the plaintiff, but barely so, because (1) equitable tolling is limited to rare and exceptional circumstances; (2) whether equitable tolling should apply to a filing deadline in the case of mental disability requires a highly case-specific inquiry; (3) the number of plan participants who would be assisted by the precedent of Chapman's case, given the highly case-specific inquiry, was seemingly small; and (4) other district courts had previously applied the doctrine of equitable tolling to ERISA claims.

As to Chapman's motions before this court for appellate fees and costs incurred in bringing *Chapman I* and *Chapman II*, her fee motions before the district court expressly included those fees incurred in bringing *Chapman I* and *Chapman II*. Regardless of where the motion for appellate fees should have been brought in the first instance, the district court's May 16, 2007 Memorandum and Order adjudicated the motion and denied Chapman attorney's fees, and made no distinction between fees incurred before the district court and fees incurred before this court on appeal. As we explained above, we find no abuse of discretion in that adjudication and see no reason to revisit the question of attorney's fees here. *See Dague v. City of Burlington*, 976 F.2d 801, 804 (2d Cir. 1992) ("[B]arring unusual circumstances . . . determination of a reasonable attorney's fee under the fee-shifting statutes should normally be decided by the district court in

the first instance.").

As to Chapman's applications for appellate costs, Fed. R. App. P. 39(a)(4) provides "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." In *Chapman I* and *Chapman II*, we vacated the judgment of the district court but did not award costs. *C.f. Russo v. City of Bridgeport*, 479 F.3d 196, 213 (2d Cir. 2007) (affirming in part, vacating, remanding, and awarding costs to appellant); *Overton v. Todman & Co., CPAs, P.C.*, 478 F.3d 479, 489 (2d Cir. 2007) (vacating, remanding, and stating "[n]o costs are awarded at this time. In the event that [plaintiffs-appellants] ultimately prevails on the merits of his securities claim, the District Court may award plaintiffs the costs of the present appeal."); *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006) (vacating, remanding, and ordering defendant to pay costs). Therefore, Chapman's motions for costs incurred in *Chapman I* and *Chapman II* are denied.[2]

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** and Chapman's motions for attorney's fees and costs incurred in *Chapman I* and *Chapman II* are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *[signature]*
Richard Alcantara, Deputy Clerk

---

[2] Chapman's claim that she timely applied for costs in *Chapman I* by filing a bill of costs within 14 days of the *Chapman I* decision is irrelevant, because filing a bill of costs under Fed. R. App. P. 39(d) does not entitle a party to costs that were not already awarded under Fed. R. App. P. 39(a). *See Whitfield v. Scully*, 241 F.3d 264, 274 (2d Cir. 2001) (noting that Fed. R. App. P. 39(d) sets forth procedure to claim costs already awarded under Fed. R. App. P. 39(a)).

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by *[signature]*
DEPUTY CLERK